**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Nelson Milsap,<br><br>  Plaintiff,<br><br>vs.<br><br>Social Security Administration,<br><br>  Defendant. | No. CV 10-1757-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. (Dkt. 10.) Plaintiff has responded to the motion (Dkt. 13), and Defendant has filed a reply (Dkt. 14). After the motion was fully briefed, Plaintiff filed a sur-reply entitled Plaintiff's Reply to Defendant's Reply.[1] (Dkt. 15.) For the reasons set forth below, the Court will dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

//

---

[1] Neither the federal rules, nor the local rules permit the filing of a sur-reply. Because Plaintiff did not have leave to file the sur-reply, the Court cannot consider the additional facts and arguments raised in the sur-reply for purposes of deciding this Motion to Dismiss. *See In re Graham*, 210 F.3d 382, 382 (9th Cir. 2000) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (holding pro se litigants to the same procedural rules binding on represented parties).

## I. Background

On February 15, 2010, Plaintiff received a letter from the Social Security Administration (the "SSA") informing Plaintiff that his Social Security benefits would be withheld pending review by the SSA. (Dkt. 10-1.) Plaintiff was instructed that if he disagreed with the SSA's decision, he had the right to appeal in writing and would be asked to sign form SSA-561-U2 ("Request for Reconsideration"). (*Id.*) On March 6, 2010, Plaintiff received the follow-up letter from the SSA that informed the him that the SSA would not pay Plaintiff all of the Social Security benefits withheld, because Plaintiff was overpaid Supplemental Security Income ("SSI") from July 2003 through April 2010. (Dkt. 10-1, 13.) The SSA sought to recover the overpayment by reducing Plaintiff's Social Security benefits. (Dkt. 10 at pp. 1–2.) The letter instructed Plaintiff that: (1) he could ask the SSA to review its finding that Plaintiff owed money; (2) he could request a waiver of the collection of the overpayment by completing form SSA-632 ("Request for Waiver of Recovery or Change in Repayment Rate"); and/or (3) he could appeal the SSA's decision in writing by signing a form SSA-561-U2 ("Request for Reconsideration"). (Dkt. 10-1, 13.)

On August 18, 2010, Plaintiff filed a complaint in district court alleging that the SSA took all of Plaintiff's Social Security benefits by failing to award Plaintiff $24,700.00 in back pay from the period of June 2003 to February 2010. (Dkt. 1.)

As permitted by the March 6, 2010 letter, Plaintiff requested a waiver of the collection of the overpayment from the SSA. (Dkt. 10 at p. 2.) On October 20, 2010, the SSA sent a letter to Plaintiff that informed him of the SSA's decision not to waive the overpayment of benefits. (Dkt. 10-5.) The letter provided Plaintiff with a time to review his file, November 1, 2010, and scheduled Plaintiff for a "personal conference" on November 5, 2010. (Dkt. 10-5.) Following the personal conference, the SSA sent Plaintiff a letter on December 1, 2010, containing the SSA's initial decision regarding the waiver request. (Dkt. 13, 14-1.) The SSA denied the waiver and stated that Plaintiff would have to pay back the SSI overpayment, because Plaintiff failed to timely report prior casino winnings. (*Id.*) According to the letter, if Plaintiff disagreed with the decision, he had the right to appeal by filling out form SSA-

1  561-U2 ("Request for Reconsideration"). (*Id.*)

2  On January 18, 2011, Defendant filed the pending motion to dismiss. (Dkt. 10.)
3  According to Defendant, Plaintiff has not appealed the denial of the waiver request, nor has
4  Plaintiff appealed the other decisions of the SSA. (Dkt. 14.). The SSA does not have a
5  record of any "Requests for Reconsideration" filed by Plaintiff. (*Id.*) Although Plaintiff
6  argues that Defendant has ignored his requests for hearings or appeals, Plaintiff did not
7  provide evidence that he appealed the SSA's decisions in the manner set forth in the letters.[2]

8  **II.    Legal Standard**

9  Defendant argues that the district court does not have subject matter jurisdiction to
10 hear Plaintiff's complaint because Plaintiff has failed to exhaust his administrative remedies.
11 Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate
12 when the court lacks subject matter jurisdiction over a claim. Fed.R.Civ.P. 12(b)(1). When
13 considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any
14 evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v.*
15 *United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735
16 n.4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised . . . the court may
17 inquire by affidavits or otherwise, into the facts as they exist.")). "The party asserting
18 jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero*
19 *Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*,
20 298 U.S. 178, 189 (1936)).

21 **III.   Exhaustion Requirement**

22 The United States and its agencies, including the SSA, are immune from suit absent
23 a waiver. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver,

---

[2] Plaintiff attached numerous documents to his response. The documents are all dated prior to December 1, 2010, the date of the denial of Plaintiff's waiver request. Although Plaintiff has written notes in the margins of letters from the SSA, Plaintiff has provided no evidence that he has submitted form SSA-561-U2 ("Request for Reconsideration"), as required by the SSA to appeal a decision.

sovereign immunity shields the Federal Government and its agencies from suit."). "Sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Where a statute creates a right and provides a special remedy, that remedy is exclusive." *United States v. Babcock*, 250 U.S. 328, 331 (1919).

The Social Security Act (the "SSA") provides the sole avenue for judicial review for recovery on any claim arising under the Act. *See* 42 U.S.C. § 405(h).[3] The remedy provision in Section 405(g) provides:

> *Any individual, after any final decision of the Commissioner of Social Security* made after a hearing to which he was a party, irrespective of the amount in controversy, *may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business.

42 U.S.C. § 405(g) (emphasis added). For claims arising under the Act, judicial review is permitted only in accordance with Section 405(g).

Judicial review is permitted only once a "final decision" by the Commissioner of Social Security has been made after a hearing to which the plaintiff was a party. *Id.* Because the term "final decision" is undefined in the Act, the SSA has authority to give meaning to

---

[3] Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. *No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.* No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added). Section 405(h) limits the remedies available to an individual challenging the lawfulness of the SSA's decision to deny Social Security benefits. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).

- 4 -

the term through regulations. *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

The first step in the administrative review process is an initial determination, which is binding unless a claimant requests reconsideration of the initial determination. 20 C.F.R. § 404.905. If the claimant is dissatisfied with the reconsideration determination, then the third step requires that the claimant proceed to a hearing before an ALJ, and the ALJ's decision is binding if a claimant does not seek the fourth step of Appeals Council review. *Id.* §§ 404.955. If the claimant seeks Appeals Council review, the Appeals Council may deny the request, making the ALJ's decision final, or review the case and make a final decision. *Id.* §§ 404.967, 404.981.

The Appeals Council's decision, or the ALJ's decision if the request for review is denied, is binding unless an action for federal district court review is filed within 60 days after receiving notice of the Appeals Council's action. *Id.* §§ 404.981, 422.210. Under the regulations, a claimant has exhausted his administrative remedies, and a judicially reviewable final decision is available, only if the claimant completes the administrative review process and receives either an Appeals Council decision or an Appeals Council notice that a request to review the ALJ's decision has been denied. *Id.* §§ 404.981, 422.210. "If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases. In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Sims*, 530 U.S. 106–07 (citations and footnote omitted).

**IV.   Analysis**

Plaintiff alleges as a jurisdictional basis for his complaint that the Court has "jurisdiction over said subject matter in accordance with Federal Rules of Civil Procedure and federal law." (Dkt. 1.) Plaintiff also alleges that the SSA has wrongfully withheld Plaintiff's Social Security benefits in an amount equal to $24,700.00. (*Id.*)

Plaintiff's claim concerns the SSA's decision to withhold Social Security benefits on the grounds of overpayment. Accordingly, Plaintiff's ability to seek judicial review for his

- 5 -

1 claim clearly is governed by Section 405(g).  Defendant argues that Plaintiff has not
2 demonstrated that Plaintiff received a final decision under the Act, which is a prerequisite
3 for the Court's subject matter jurisdiction.  In the context of a Social Security appeal case,
4 federal court jurisdiction depends on whether there was a final decision under Section 405(g).
5 *See Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990).

6       Plaintiff's allegations in the Complaint, and arguments and attachments in his
7 response demonstrate that no final decision has been reached regarding the withholding of
8 Plaintiff's Social Security benefits.  Plaintiff requested a waiver of the withholding of the
9 past-due benefit amount, but the waiver was denied pursuant to the December 1, 2010 notice.
10 There is no evidence that Plaintiff further appealed that waiver.  Further, there is no evidence
11 that Plaintiff appealed any of the SSA's decisions regarding the withholding of Plaintiff's
12 Social Security benefits.  The record before the Court does not contain an Appeals Council's
13 decision or denial of review, or even a completed "Request for Reconsideration" form
14 indicating that Plaintiff has appealed the SSA's initial determination.

15       Therefore, the Court finds that Plaintiff has failed to exhaust his administrative
16 remedies, because a final decision has not been reached by the SSA.  Pursuant to 42 U.S.C.
17 § 405(g) and (h), Plaintiff is not entitled to judicial review of the SSA's withholding of his
18 Social Security benefits until he has exhausted his administrative remedies.  The Court does
19 not have subject matter jurisdiction to hear this matter, and the Complaint must be dismissed
20 pursuant to Defendant's Rule 12(b)(1) motion.

21       Accordingly,

22       **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. 10) for lack
23 of subject matter jurisdiction is **GRANTED** without prejudice.  The Clerk of the Court is
24 directed to close this case.

25       DATED this 31st day of May, 2011.

James A. Teilborg
United States District Judge